# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DONALD BUFORD,**

    Plaintiff,

v.                                      Case No. 19-CV-887

**MARK J. JENSEN,
CORY A. SABISH,
JOHN DOE OFFICER, AND
BELINDA SCHRUBBE,**

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Donald Buford, an inmate confined at the Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. Buford has paid the $400 filing fee. This order screens his complaint.

1. **Screening the Complaint**

*2.1 Federal Screening Standard*

Under the Prison Litigation Reform Act, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*1.2 Buford's Allegations*

Buford filed a forty-seven-page complaint against defendants Nurse Mark Jensen, Lieutenant Cory Sabish, John Doe, and Health Services Unit Supervisor Belinda Schrubbe. When the incident giving rise to this case occurred, Buford was incarcerated at the Waupun Correctional Institution (WCI) and the defendants worked there.

Buford alleges that on June 19, 2013, he suffered an asthma attack while sitting at a computer in his math class. He fainted, fell forward, and hit his head on the keyboard. Buford then fell backward and heard a loud "pop sound" as he landed on the floor on his tailbone. He felt extreme pain in his lower back and also felt pain in the back of his neck from hitting his head on the keyboard. He rolled over and tried to breathe, which was difficult due to the asthma attack, and asked for his inhaler. Buford's teacher sat on the floor with him and told him to hold on and that his inhaler was coming.

A few minutes later, defendant Nurse Mark Jensen arrived. Buford told Nurse Jensen he was having an asthma attack and needed his inhaler. Jensen "put some little thing on my finger, looked at it and said to me, your blood is low in oxigen [sic] cause you are hyperventilating. You don't need no inhaler." (ECF No. 1 at 6.) He told Buford to breathe slowly or not breathe at all. As Buford was still gasping for air, he told Jensen he was still in pain and that his back hurt. Jensen told Buford he would have to get up and walk back to his cell. Buford tried but could not walk. Jensen denied Buford his inhaler and denied him medical treatment for

3

his back and neck pain. Jensen pushed Buford in a wheelchair to his cell hall and had staff help Buford crawl up the stairs and down a long hallway to his cell. He did not give Buford medical treatment.

Jensen put Buford on the list to be seen by the medical doctor the next day. That left Buford to suffer in pain for twenty hours in his cell until he was seen by the doctor the next day. The day after the injury, Dr. Manlove examined Buford and diagnosed him with an acute back sprain. Dr. Manlove ordered that Buford receive an injection of Toradol right after seeing him and also prescribed Buford Naproxen for pain. Upon transfer to the Wisconsin Resource Center, Buford continued to receive treatment for his back and neck injury.

Defendants Sabish and John Doe were present when Jensen refused to give Buford an inhaler for his asthma and when he refused him treatment for his back and neck injury. They were also present when Buford was forced to crawl up the stairs and to his cell, and they knew that Buford was not going to get treatment until the next day.

Defendant Schrubbe made and enforced a rule at WCI that asthma inhalers are not allowed in school. Buford talked to her about this rule and was told that, if inmates have an asthma attack in school, staff would consider it to be hyperventilating. Schrubbe's intentional disregard for inmates' need for asthma inhalers at school caused her to make and enforce this rule, which allowed and caused Jensen to deny Buford an inhaler as he was having an asthma attack and to

4

try to cover up his actions. Buford's injuries were caused by not having his inhaler because of Schrubbe's rule.

Buford seeks declaratory relief and monetary damages.

*1.3 Analysis*

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state a claim for deliberate indifference for deficient medical care, Buford "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Asthma "can be, and frequently is, a serious medical condition, depending on the severity of the attacks." *Lee v. Young*, 533 F.3d 505, 510 (7th Cir. 2008) (quoting *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005)). Buford alleges that he had serious trouble breathing, fainted, and fell and injured himself as a result of his asthma attack. The court assumes that he had a serious medical need based on his asthma attack. In addition to the asthma attack, Buford injured his lower back and neck. Buford's back and neck injury is also a serious medical need. See *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008) (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (A medical condition is serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.")).

5

To demonstrate deliberate indifference, Buford must show that the defendants "acted with a sufficiently culpable state of mind, something akin to recklessness." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006)). A prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. *Id.* (citing *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). The fact that a prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Id.* (quoting *Greeno*, 414 F.3d at 653.).

Buford has sufficiently alleged that defendant Nurse Jensen acted with deliberate indifference when he refused to give him his inhaler for his asthma attack, denied him immediate treatment for his back and neck injury, and delayed his treatment. *See id.* Buford has also sufficiently alleged that defendants Sabish and John Doe acted with deliberate indifference because they stood by when Nurse Jensen refused to treat Buford and delayed treatment. *See McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (citation omitted) (nonmedical officers may be found deliberately indifferent if they have a reason to believe, or actual knowledge, that medical personnel are mistreating, or not treating, a prisoner).

Buford may also proceed on a claim against defendant Schrubbe at this stage. While Schrubbe did not have any direct participation in the incident, she allegedly made and enforced a rule that did not permit inmates to have their inhalers at

6

school, which arguably caused Buford's injuries. *See Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015) (quoting *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1013 (7th Cir. 2000) ("In the case of those responsible for setting policy, liability will result from the institution of a 'policy that, when enforced, causes a constitutional deprivation.'")).

Buford will need to use discovery to identify the real name of the John Doe defendant.

**3. Conclusion**

**THEREFORE, IT IS ORDERED** that Buford's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **DENIED AS MOOT**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Mark J. Jensen, Cory Sabish, and B. Schrubbe. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Buford is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 29th day of July, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.